FILED & JUDGMENT ENTERED
Christine F. Ramsey

June  18  2026

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 26-30097** |
| **Accent Comfort Services, LLC,** | ) | **Chapter 11** |
| **dba Accent Heating and Cooling,** | | |
| Debtor. | | |

## CONSENT ORDER RESOLVING MOTION FOR RELIEF FROM AUTOMATIC STAY

This matter is before the Court upon the Motion for Relief from Automatic Stay **[DE # 74]** (the "Motion") of JPMorgan Chase Bank N.A. ("Secured Creditor"), by and through its attorneys, pursuant to 11 U.S.C. § 362(d), for this Court to enter an Order granting it relief from the automatic stay provisions of 11 U.S.C. § 362(a) for cause with respect to certain Personal Property described below. Debtor filed a Response in Opposition **[DE # 88]** (the "Response") to the Motion.  No other interested party filed a Response/Objection to the Motion.  Debtor and Secured Creditor, subject to this Court's approval, have reached an agreement to resolve the Motion.  Based upon the

agreement of the Debtor and Secured Creditor, without objection of the Subchapter V Trustee, as evidenced by the signatures of the parties' respective counsel below and the entire record in this case, the Court finds and, accordingly, **ORDERS** as follows:

1.      Accent Comfort Services, LLC dba Accent Heating and Cooling. ("Debtor") commenced this bankruptcy case by filing a Petition under Title 11 U.S.C., Chapter 11 with the Clerk of this Court on January 27, 2026. Michael Leon Martinez is the Subchapter V Trustee.

2.      Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed.R.Bankr.P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3.      Secured Creditor holds a claim against the Debtor and this bankruptcy estate in the amount of $77,338.54 **[See Court Claim Register, Claim # 13-1]** (the "Claim") secured by Debtor's interest in certain personal property ("Vehicle") commonly known as 2024 FORD F-250 (the "Vehicle") as Note, Disclosure and Security Agreement (the "Contract") executed by Debtor, dated November 25, 2024.

4.      The Certificate of Title grants Secured Creditor a lien on the Vehicle.

5.      The Debtor filed a Plan **[DE # 72]** (the "Plan") on April 27, 2026 which has not yet been confirmed.

6.      Secured Creditors alleges that the loan is currently in default pre-petition in the amount of $3,402.38 and as of June 9, 2026, a post-petition default in the amount of $10,175.14.

**BASED UPON THE FOREGOING AND THE AGREEMENT OF THE PARTIES, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

1.      Subject to the provisions of this Consent Order, the Motion is hereby conditionally

denied without prejudice.

2.      Debtors shall commence making Plan Payments to Secured Creditor pursuant to the parties Stipulation filed contemporaneous herewith beginning with the payment due June 19, 2026 in the amount of $940.21.

3.      Time is of the essence to each and all of the provisions of this Consent Order.

4.      In the event that Debtors fail to make any payment or post-confirmation payment due to Secured Creditor within thirty (30) days of said payment becoming due, Secured Creditor shall provide written notice to the Debtor, Debtor's attorney, and the Subchapter V Trustee. If the alleged default is not cured within fourteen (14) days from written notice, then the automatic stay provisions of 11 U.S.C. § 362(a) shall be terminated immediately with respect to Secured Creditor and the Vehicle without further notice, motion, hearing or order of the Court, thereby entitling Secured Creditor to exercise any and all remedies against the Vehicle as permitted by applicable non-bankruptcy law. Said termination of and relief from the automatic stay shall occur immediately and the waiting period of F.R.B.P. 4001(a)(4) will not apply.  Written notice in this Decretal Paragraph 4 may be made via e-mail notification sent to: jwoodman@essexrichards.com; mmartinez@grierlaw.com; and frankjr@accentcs.com.

5.      Except as set forth herein, nothing in this Consent Order shall be construed as a waiver of Secured Creditor's, and/or its successors' and/or assigns', rights as a creditor in this bankruptcy case. Specifically, Secured Creditor expressly reserves all rights afforded to it pursuant to Title 11 U.S.C. and applicable non-bankruptcy law.

6.      This Court shall, and hereby does, retain jurisdiction over this matter, the parties hereto and the subject matter thereof, to the extent permitted under applicable law, for the entry of such other and further orders as are either deemed necessary or appropriate to accomplish the

foregoing.

### CONSENTED TO AND ACCEPTED:

*/s/Michael Leon Martinez*
Michael Leon Martinez
Grier Wright Martinez, PA
521 East Morehead Street
Suite 440
Charlotte, NC 28202
Subchapter V Trustee

**ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC**

BY: */s/Sydney Marie Cauthen*
SYDNEY  MARIE  CAUTHEN  NC  Bar #57428
13010 Morris Road, Suite 450
Alpharetta, GA 30004
 (470) 321-7112
Email:  scauthen@raslg.com
Attorneys for Secured Creditor

**ESSEX RICHARDS, P.A.**

By: */s/John C. Woodman*
John C. Woodman
NC Bar# 42365
Essex Richards
1701 South Boulevard
Charlotte, NC 28203
 704-377-4300

*This Order has been signed electronically.  The judge's signature and court's seal appear at the top of the Order.*

*United States Bankruptcy Court*